NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000867
07-MAR-2014
08:04 AM**

NO. CAAP-12-0000867

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KONDAUR CAPITAL CORPORATION, Plaintiff-Appellee,
v.
LEIGH MATSUYOSHI, Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS, 1-10, DOE ENTITIES 1-10,
ALL PERSONS RESIDING WITH AND ANY PERSONS
CLAIMING BY AND THROUGH OR UNDER THEM, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0185)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Leigh Matsuyoshi (**Matsuyoshi**) appeals from the September 18, 2012 "Judgment on Order Granting Plaintiff Kondaur Capital Corporation's Motion for Summary Judgment Against All Defendants on Complaint Filed June 5, 2012" entered in the Circuit Court of the Fifth Circuit[1] (**circuit court**) in favor of Plaintiff-Appellee Kondaur Capital Corporation (**Kondaur Capital**).

Matsuyoshi contends the circuit court erred by:

(1) granting Kondaur Capital's motion for summary judgment, and

---

[1]  The Honorable Randal G.B. Valenciano presided.

(2) denying Matsuyoshi's Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b) motion to set aside judgment on the order granting Kondaur Capital's motion for summary judgment.

## I. BACKGROUND

By a warranty deed dated February 13, 2007, Jun Matsuyoshi and others conveyed a property located at 2888 Hoolako Street, Lihue, Hawai'i 96766 (**Hoolako Property**) to Matsuyoshi. The Hoolako Property is located in Kaua'i County.

On March 29, 2007, Resmae Mortgage Corporation (**Resmae Corporation**) recorded a mortgage on the property with the Bureau of Conveyances as Document No. 2007-057187 (**Mortgage**). The Mortgage listed Matsuyoshi as the borrower of $500,000, which she would repay with interest, subject to an adjustable rate rider, no later than May 1, 2037. The Mortgage included an acceleration clause, which provided that Matsuyoshi would be given at least 30 days to cure a default of payment. The notary section of the Mortgage represents that Matsuyoshi personally appeared to Notary Public of the State of Hawai'i, Kai Yamamoto (**Yamamoto**), on March 26, 2007 in the City and County of Honolulu. Yamamoto signed the Mortgage.

At the time Matsuyoshi entered into the Mortgage agreement, Resmae Corporation was in Chapter 11 bankruptcy. On June 5, 2007, the United States Bankruptcy Court for the District of Delaware under Case No. 07-10177, filed its "Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgage Holdings LLC" (**Bankruptcy Order**).[2] The Bankruptcy Order, among other things, created the Resmae Liquidating Trust and provided, "[t]itle to and possession of the

---

[2] "RMC Mortgage Holdings LLC" is "Resmae Mortgage Corporation Mortgage Holdings LLC" and is the same company as Resmae Corporation, prior to reorganization under the Bankruptcy Order.

2

Trust Property . . . shall be deemed transferred and delivered to the Trust without further act or action under any applicable agreement, law, regulation, order, or rule of law." The Bankruptcy Order sets forth a permanent injunction that bars any claim against the property based on factual allegations arising prior to June 15, 2007, the effective date of the Bankruptcy Order.[3]

By letter dated May 20, 2008, Resmae Corporation gave Matsuyoshi notice of their intent to foreclose on the property because her Mortgage loan was in default. Resmae Corporation stated Matsuyoshi owed $9,704.34 and required that she pay this amount, including other charges that may become due in the meantime, by June 20, 2008. "Failure to do so will result in acceleration of the due date of all sums secured by this mortgage or deed of trust and the mortgage property being referred for foreclosure action, which may result in sale of the property."

On August 28, 2008, Resmae Corporation recorded an assignment of its interest to Resmae Liquidation Properties, LLC **(Resmae Liquidation Properties)**.

On October 3, 2008, Matsuyoshi was personally served with a notice of Resmae Liquidation Properties' non-judicial foreclosure action against the property. On October 17, 2008, Jun Matsuyoshi was also personally served with notice of Resmae Liquidation Properties' non-judicial foreclosure action in the state of New Jersey.

On November 17, 2008, Lester K.M. Leu **(Leu)**, attorney for Resmae Liquidation Properties recorded a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" **(Mortgagee's**

---

[3]  The Bankruptcy Order states:

> [t]he Effective Date shall occur and the [Reorganization] Plan shall become effective on the first Business Day after the satisfaction or waiver of the conditions contained in the Asset Purchase Agreement and the consummation of the 'Second Closing' under the Asset Purchase Agreement.

Parties do not dispute that the effective date is June 15, 2007.

3

**Affidavit of Foreclosure**) on behalf of Resmae Corporation, as Mortgagee. Leu affirmed that Resmae Corporation had sent a notice of default to Matsuyoshi on May 20, 2008; that notice of the public auction sale of the property, to be held November 13, 2008 at noon at 777 Punchbowl Street, Honolulu, Hawai'i 96813, was published in the Honolulu Star-Bulletin for three weeks commencing October 6, 2008; and that Resmae Liquidation Properties bought the property for $416,900.20 at the nonjudicial foreclosure public auction sale.

On January 22, 2009, Leu recorded a quitclaim deed by and between Resmae Liquidation Properties as foreclosing mortgagee on the Hoolako Property for consideration in the sum of ten dollars.

On July 14, 2010, Resmae Liquidation Properties granted the Hoolako Property to Kondaur Capital via quitclaim deed for one dollar. The quitclaim deed was recorded on February 24, 2011 in the State of Hawai'i Bureau of Conveyances under Document Number 2011-032290 (**Quitclaim Deed**).

By letter dated May 22, 2012, Kondaur Capital informed Matsuyoshi that she and all other occupants were required to vacate the Hoolako Property immediately.

On June 5, 2012, Kondaur Capital filed a complaint against Matsuyoshi in the instant case, requesting the circuit court eject Matsuyoshi and all other persons from the Hoolako Property and award Kondaur Capital rent for the period Matsuyoshi had unlawfully possessed the Hoolako Property. Kondaur Capital's complaint contained the following pertinent factual allegation: "[Kondaur Capital] acquired title and current ownership of the [Hoolako] Property through a Quitclaim Deed recorded on February 24, 2011 in the Bureau of Conveyances, State of Hawai['] i under Document Number 2011-032290 ('Quitclaim Deed')."

On June 29, 2012, Kondaur Capital filed a motion for summary judgment. Attached to the motion were affidavits from Kondaur Capital's asset manager, Ann Pham (**Pham**), and Kondaur

Capital's attorney, Thomas J. Berger (**Berger**). Pham affirmed that Kondaur Capital's records included the Quitclaim Deed and that Matsuyoshi continued to reside at the Hoolako Property.

On July 6, 2012, Kondaur Capital filed a "Request for Entry of Default of [Matsuyoshi] As To [Kondaur Capital's] Complaint Filed June 5, 2012" pursuant to HRCP Rule 55(a). Default was signed and entered July 6, 2012 by the clerk of the circuit court.

On July 26, 2012, the circuit court held a hearing on Kondaur Capital's motion for summary judgment. Matsuyoshi, appearing pro se, requested a continuance to seek legal counsel. Berger, representing Kondaur Capital, stated that Matsuyoshi's counsel in a related case, Gary Dubin (**Dubin**), told him that he was considering continued representation of Matsuyoshi in the instant case as late as May or June 2012. Matsuyoshi acknowledged that Dubin informed her "last week" that he would not take the case and stated she "ha[d] not heard from him at all prior to that . . . ."

At this same hearing, Berger stated:

> And to be frank with the [circuit c]ourt, I believe because [Matsuyoshi] is defaulted and there's been no motion placed on the record to set aside the default -- because that's what happens. Sometimes they will show up at a hearing, and there here [sic] may a motion for summary judgment pending, but also there may be another motion already set down the road. Because that's not the case here, if we continue this, [Matsuyoshi] can't even present a case because they have been defaulted.
>
> So, really, if we keep kicking the ball down the road, how far is it going to go? That's the question. So I guess my point is [Matsuyoshi's] procedurally barred.

Berger then requested the circuit court rule on Kondaur Capital's motion for entry of default. The circuit court determined that it would "take [Berger's] presentation as an objection [to Matsuyoshi's request for a continuance]" and stated that it would continue the hearing on August 23, 2012. Berger again stated that because Matsuyoshi was in default, she would have to file a motion.

> So I'm not sure how the [circuit c]ourt is going to take that up. But in any event, if there was some kind of --

5

sort of pleading to set aside default. I would probably move ex parte to advance it to that other date, just for the [circuit c]ourt's information.

On August 21, 2012, Matsuyoshi, acting through her counsel, Damon M. Senaha and Colin B. Sakumoto (**Sakumoto**), filed her opposition to Kondaur Capital's motion for summary judgment, alleging various defects with Resmae Corporation's foreclosure process and Kondaur Capital's documentation of their alleged ownership of the Hoolako Property.

On August 22, 2012, Kondaur Capital filed a Reply Memorandum in support of their motion for summary judgment. Kondaur Capital contended that its Quitclaim Deed and Affidavit of Pham established their superior title to the Hoolako Property and its entitlement to summary judgment for possession.

On August 23, 2012, the circuit court continued its hearing on Kondaur Capital's motion for summary judgment. In response to the circuit court's request to hear Matsuyoshi's arguments against granting Kondaur Capital's motion for summary judgment, Matsuyoshi's counsel, Sakumoto, contended: (1) Kondaur Capital lacks standing because Resmae Corporation continued to assert rights to the Hoolako Property six months after the alleged assignment in January 2011; and (2) Resmae Corporation's nonjudicial foreclosure sale was not carried out in compliance with Hawaii Revised Statutes (HRS) Chapter 667.

On September 18, 2012, the circuit court granted and filed judgment on Kondaur Capital's motion for summary judgment.

On September 28, 2012, the circuit court issued a writ of possession in favor of Kondaur Capital against Matsuyoshi. Notice of entry of its judgment was entered the same day.

On October 17, 2012, attorney Joe P. Moss entered his appearance for Matsuyoshi and filed "[Matsuyoshi's] (1) Motion to Set Aside Entry of Default; (2) Motion to Set Aside Judgment on Order Granting [Kondaur Capital's] Motion for Summary Judgment Against all Defendants on Complaint Filed June 5, 2012; (3) Motion to Stay Judgment on Order Granting [Kondaur Capital's]

6

Motion for Summary Judgment Against all Defendants on Complaint Filed June 5, 2012" (**October Motions**)  In the declaration submitted with her motions (**Declaration**), Matsuyoshi declared:

> 3.  I am absolutely positive that the [M]ortgage . . . was not signed by me before a notary public.  The notarization on this document is false.  I was not in the City and County of Honolulu on March 26, 2007.  All documents signed or initialed by me in regard to this loan were done at the Starbucks at Kukui Grove in Lihue, Hawaiʻi.  There was not a notary present.  I did not sign a notary book or provide identification to any person.
>
> 4.  I am not even sure that the signature on the [M]ortgage is my own.  The transaction was supposed to close at First Hawaii Title Corporation in Princeville but the mortgage broker, Damon Yee, arrived late on Kauai and said he did not have time to go to Princeville and told me to meet him at Starbucks at Kukui Grove to sign the documents.  No other persons were present with us when I signed and initialed documents.  None of these documents were explained to me and I was not given copies of anything I signed despite my request for copies.  I was not given time to read any of the documents.  I was shown where to initial and sign as Damon Yee went through the documents.
>
> 5. I did not sign the [M]ortgage application . . . and the amounts listed as my income on page two are false and were not provided to me.

On October 18, 2012, Matsuyoshi filed a notice of appeal from the circuit court's September 18, 2012 judgment.[4]

On October 31, 2012, Matsuyoshi filed an "Ex-Parte Motion to Stay Enforcement of Writ of Possession."  In the declaration attached to this motion, Matsuyoshi stated she was served a writ of possession on October 29, 2012 instructing her to leave the Hoolako Property by October 30, 2012.

On November 1, 2012, Kondaur Capital filed an opposition to Matsuyoshi's motion to stay enforcement of the writ of possession.  Kondaur Capital attached a copy of real property tax records for the Hoolako Property computed through October 30,

---

[4]  Although the circuit court continued to receive parties' motions and oppositions, this case is appealable under an exception to the finality requirement because the judgment appealed from "require[s] immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation."  Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (citing Forgay v. Conrad, 47 U.S. 201, 205 (1848)).

2012. On November 5, 2012, Matsuyoshi filed her reply memorandum.

On November 8, 2012, the circuit court held a hearing on Matsuyoshi's October Motions, which were denied in part on November 14, 2012.

## II. STANDARDS OF REVIEW

### Motion for Summary Judgment

> On appeal, the grant or denial of summary judgment is reviewed de novo. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (citations and brackets omitted; format altered).

## III. DISCUSSION

Matsuyoshi contends the circuit court reversibly erred by denying her motion to set aside judgment on the order granting summary judgment for Kondaur Capital. Kondaur Capital contends Matsuyoshi's October Motions to set aside the circuit court's judgment on the order granting Kondaur Capital's motion for summary judgment is untimely because it was filed more than ten days after entry of the judgment. Citing HRCP Rule 59(b) and (e) (providing that a motion for a new trial or to alter or amend judgment shall be filed no later than 10 days after entry of judgment). One of Matsuyoshi's post-judgment motions was submitted pursuant to HRCP Rule 60(b), which provides that such motions be made "within a reasonable time," and not HRCP Rule 59.

Under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3), only "post-judgment motions that are timely filed" are

deemed appealed by an appellant's notice of appeal. (Emphasis added.) A post-judgment motion to set aside judgment pursuant to HRCP Rule 60(b), however, must be filed within ten days after the judgment is entered in order to toll the period for appealing from the judgment. See Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999) (under HRAP Rule 4(a)(3), "[a]n HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered."); and Simbajon v. Gentry, 81 Hawai'i 193, 196, 914 P.2d 1386, 1389 (App. 1996) (noting that a motion under HRCP Rule 60(b) usually does not extend the time for filing a notice of appeal under HRAP Rule 4(a)). Matsuyoshi, however, did not appeal the circuit court's November 14, 2012 order denying her post-judgment HRCP Rule 60(b) motion to set aside judgment on the summary judgment order within thirty days and was therefore not "timely filed" as required under HRAP Rule 4(a)(3).

Accordingly, this court lacks jurisdiction to review the circuit court's November 14, 2012 Order denying Matsuyoshi's HRCP Rule 60(b) motion to set aside judgment on order granting summary judgment for Kondaur Capital.

Kondaur Capital sought entry of default against Matsuyoshi pursuant to HRCP Rule 55(a) because Matsuyoshi failed to file an answer to Kondaur Capital's complaint. The circuit court denied her motion to set aside entry of default. Matsuyoshi does not appeal from the circuit court's July 6, 2012 entry of her default on Kondaur Capital's complaint nor its November 14, 2012 order denying her motion to set aside entry of default.

To prove that they were entitled to the remedy of ejectment, Kondaur Capital was required to prove ownership and title to the Hoolako Property. See State by Price v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-719 (1993) ("in order for the State to maintain its ejectment action in the circuit court against the landowners, the State must necessarily prove that it

9

owns the parcels in issue"); State by Kobayashi v. Midkiff, 49 Haw. 456, 460, 421 P.2d 550, 554 (1966) ("in ejectment a plaintiff must recover upon the strength of his own title and not upon any weakness in the defendant's title") (internal quotation marks and citation omitted). Kondaur Capital's complaint alleged the following fact: "[Kondaur Capital] acquired title and current ownership of the [Hoolako] Property through a Quitclaim Deed recorded on February 24, 2011 in the Bureau of Conveyances, State of Hawai[']i under Document Number 2011-032290 ('Quitclaim Deed')."

Entry of default against Matsuyoshi meant she admitted factual allegations in Kondaur Capital's complaint. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); see also HRCP Rule 8(d) ("Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); and Federal Rules of Civil Procedure (FRCP) Rule 55(b) (expressly authorizing a court to conduct a hearing on the issue of damages before entering a judgment by default).

Under comparable sections of the FRCP, after entry of default by the lower court, "[o]n appeal, the defendant . . . is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) ("Upon entry of a default judgment, . . . facts which are not established by the pleadings of the prevailing party, or claims which are not well-[pled], are not binding and cannot support the judgment."); see also Geddes, 559 F.2d at 560.

The circuit court did not enter default judgment against Matsuyoshi, but an entry of default as to the allegations in Kondaur Capital's complaint. The Ninth Circuit has marked

10

this distinction in the context of entry of default in a bankruptcy proceeding; "[e]ntry of a default by the bankruptcy court clerk does not automatically entitle a plaintiff to entry of a default judgment, regardless of the fact that generally the effect of entry of a default is to deem allegations admitted." In re Beltran, 182 B.R. 820, 823 (B.A.P. 9th Cir. 1995). A trial court may require a party moving for default judgment to "prove up even a purported prima facie case by . . . establish[ing] the facts necessary to determine whether a valid claim exists that would support relief against the defaulting party." In re McGee, 359 B.R. 764, 773 (B.A.P. 9th Cir. 2006). "[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." Court's Entry of a Default Judgment - Hearings, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 2688 (3d ed. 1998) (footnote omitted). These holdings allow the conclusion that entry of default against Matsuyoshi did not establish that the circuit court found that Kondaur Capital had proven, as opposed to merely pled, their prima facie case for ejectment. See In re McGee, 359 B.R. at 773. We next consider whether factual allegations in Kondaur Capital's complaint were "well-pled."

Consequent to entry of default against Matsuyoshi, all well-pled factual allegations were deemed admitted. Geddes, 559 F.2d at 560. This court has rejected the contention that an allegation was not well-pled where the complaint contained "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Jou v. Siu, No. CAAP-12-0000119, 2013 WL 1187559, at *5 (App. Mar. 22, 2013) (mem.); reconsideration denied, No. CAAP-12-0000119, 2013 WL 1319361 (App. Apr. 2, 2013) (quoting HRCP Rule 8(a)(1)).

> Facts that are not well pled include allegations that are made indefinite or erroneous by other allegations in the same complaint, . . . allegations which are contrary to facts of which the court will take judicial notice, or which are not susceptible of proof by legitimate evidence, or

11

<u>which are contrary to uncontroverted material in the file of the case.</u>

In re McGee, 359 B.R. at 772 (internal quotation marks and citations omitted, second emphasis added).

As discussed infra, the instant case presents a situation in which the "file of the case" contains "uncontroverted material" that was submitted in opposition to Kondaur Capital's motion for summary judgment, which the parties continued to litigate after the circuit court's July 6, 2012 entry of default. Among other "uncontroverted evidence[,]" the file of the case contains Matsuyoshi's declaration contesting Resmae Liquidation Properties' acquisition of their mortgage interest in the Hoolako Property and a mortgage document representing that it was notarized in Honolulu. As further discussed infra, this evidence contradicts Kondaur Capital's allegation that Resmae Liquidation Properties' conveyed the Hoolako Property to Kondaur Capital via the July 14, 2010 quitclaim deed. Because Kondaur Capital's allegation that it owns the Hoolako Property is contradicted by such uncontroverted evidence, its complaint is not "well pled" so as to sustain the conclusion of law that Kondaur Capital is entitled to a writ of ejectment against Matsuyoshi. See In re McGee, 359 B.R. at 772 and 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 2688 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (footnote omitted).

The circuit court continued to receive evidence and hear arguments from parties after its entry of default. Notwithstanding the circuit court's entry of default against Matsuyoshi as to the factual allegations in the complaint, evidence in the file of the case contradicts a key factual allegation concerning Kondaur Capital's ownership of the Hoolako Property.

12

Matsuyoshi contends that even if she was prevented from contesting the factual allegations in Kondaur Capital's complaint by the circuit court's entry of default, the circuit court reversibly erred by granting summary judgment to Kondaur Capital because "the material facts did not show that Kondaur [Capital] was entitled to judgment as a matter of law." A motion for summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

HRCP Rule 56(c) (emphasis added).

Matsuyoshi contends, in part, that the Mortgage was not notarized as represented and was not executed in the City and County of Honolulu as was represented in the notary's attestation. Matsuyoshi submitted a declaration to this effect with her post-judgment October Motions and this declaration is part of file constituting the record under our review. See HRCP Rule 56(c).

Matsuyoshi's allegations that the Mortgage was not properly executed and contains notary misrepresentations are material to the issue of whether Kondaur Capital acquired good title to the Hoolako Property through the Quitclaim Deed from Resmae Liquidation Properties.

Matsuyoshi's Declaration stated that she: (1) did not sign the Mortgage before a notary public; (2) initialed or signed all documents at a Starbucks at the Kukui Grove Shopping Center in Lihue, Hawai'i and not in Honolulu; and (3) did not sign the mortgage application that allegedly gave rise to the Mortgage document.

> If a notary public does not witness the signatures of the mortgagors, is not in the place where the mortgagors sign the mortgage, and does not see or speak to the mortgagors when they sign the mortgage, and the mortgagors do not acknowledge to the notary that they executed the mortgage, the mortgage is invalid . . . .

Am. Jur. 2d Acknowledgments § 98 (2014).

Whether a notary public witnessed Matsuyoshi and a Resmae Corporation representative sign the Mortgage; was physically present with Matsuyoshi and the Resmae Corporation representative in Honolulu; and witnessed their acknowledgment that they executed the Mortgage are factually material to whether the Mortgage was valid.

If the Mortgage was invalid, then Resmae Corporation did not hold a valid mortgage interest on the Hoolako Property when it assigned the foreclosed Mortgage to Resmae Liquidation Properties on August 26, 2008. If it held no valid interest in the foreclosed Mortgage, then Resmae Liquidation Properties' July 14, 2010 Quitclaim Deed to Kondaur Capital conveyed no such interest in the Hoolako Property to Kondaur Capital. See Hustace v. Kapuni, 6 Haw. App. 241, 245, 718 P.2d 1109, 1112 (1986) (holding that a quitclaim deed conveys whatever interest the grantor may have had in the property). Kondaur Capital asserts its ownership of the Hoolako Property via the Quitclaim Deed, which, if the facts in Matsuyoshi's Declaration are taken as true, may not have conveyed an interest in the foreclosed Mortgage to Kondaur Capital. We conclude that Matsuyoshi's Declaration alleges material facts that raise genuine issues as to the validity of the Mortgage and therefore rendered summary judgment for Kondaur Capital inappropriate. Because we conclude the circuit court reversibly erred by granting summary judgment for Kondaur Capital, Matsuyoshi's other contentions on appeal are moot.

Kondaur Capital contends the Bankruptcy Order barred Matsuyoshi from contesting the validity of Resmae Corporation's non-judicial foreclosure process in any but the Bankruptcy Court. The Bankruptcy Order imposed an injunction under which:

> all persons who have held, hold, or may hold Claims or interests and any successors, assigns, or representatives of the foregoing shall be precluded and permanently enjoined on and after the Effective Date [June 15, 2007] from (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind with respect to any Claim, interest, or any other right or Claim against Reorganized [RMC Mortgage Holdings LLC], which they possessed or may

possess prior to the Effective Date, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order with respect to any Claim, interest, or any other right or Claim against Reorganized [RMC Mortgage Holdings LLC], which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, interest, or any other right or Claim against Reorganized [RMC Mortgage Holdings LLC], which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims that are released hereby.

Matsuyoshi's allegation that the Mortgage was not properly executed on March 26, 2007 was presented a defense, not a claim, against Kondaur Capital's motion to summary judgment. Matsuyoshi is not making affirmative claims against Resmae Corporation or Resmae Liquidating Properties arising from acts prior to June 15, 2007.[5] She is contesting the allegedly defective sale of the Mortgage via quitclaim deed to Kondaur Capital, which occurred on July 14, 2010, and the November 13, 2008 non-judicial foreclosure process.

We conclude the Bankruptcy Order did not bar Matsuyoshi from alleging facts concerning Resmae Corporation's and Resmae Liquidation Properties' acts and representations regarding the March 26, 2007 execution of the Mortgage in her October 17, 2012 declaration, the November 13, 2008 non-judicial foreclosure, or the Quitclaim Deed, which were offered in support of her defense against Kondaur Capital's July 3, 2012 motion for summary judgment.

In light of the foregoing, we decline to reach further issues raised by the parties.

## IV.  CONCLUSION

The September 18, 2012 "Judgment on Order Granting Plaintiff Kondaur Capital Corporation's Motion for Summary

---

[5] We note that other acts underlying Matsuyoshi's challenges to Resmae Corporation's non-judicial foreclosure process occurred in 2008, and resulted in Resmae Liquidation Properties' purchase of the Hoolako Property as the sole bidder at a public auction sale held in Honolulu. Even if Matsuyoshi raised these in claims against Resmae Liquidation Properties or Resmae Corporation's, the underlying acts occurred after June 15, 2007 and the Bankruptcy Order would not bar Matsuyoshi from raising them as factual allegations.

Judgment Against All Defendants on Complaint Filed June 5, 2012" entered in the Circuit Court of the Fifth Circuit is vacated and this case is remanded for proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawaiʻi, March 7, 2014.

On the briefs:

Joe P. Moss
for Defendant-Appellant.

Jonathan W.Y. Lai
Thomas J. Berger
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge